# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0495V

| | | |
|---|---|---|
| L.D., | * | Filed: November 17, 2022 |
| Petitioner, | * | |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |

### DECISION GRANTING MOTION AND DISMISSING PETITION

On May 4, 2022, L.D. filed a Petition under the National Vaccine Injury Compensation Program[1] (the "Vaccine Program"). Petitioner alleged that she sustained Autoimmune/Inflammatory Syndrome induced by adjuvants ("ASIA") as a result of the human papillomavirus ("HPV") vaccine she received on November 20, 2019. Petition (ECF No. 1) ("Pet.") at 1.

On November 7, 2022, Petitioner moved for a Decision Dismissing the Petition, stating that "given the current state of the case law in the Vaccine Program that she will be unable to prove that she is entitled to compensation in the Vaccine Program." (ECF No. 16). Petitioner states that it would be unreasonable to proceed and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id*. Petitioner further indicated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such judgment will end all of her rights in the Vaccine Program." *Id*.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table— corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner has, however, determined that she would not be able to prevail in this matter based on the causation theory set forth in her Petition. And this is consistent with my preliminary view of the case, which I shared with the parties during a status conference. *See* July 26, 2022 Scheduling Order (ECF No. 14). I explained to Petitioner at that

---

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

time that claims based upon ASIA as a causation theory, and/or claims alleging general injuries attributable to the HPV vaccine, had routinely failed, and that this case was likely to experience the same result.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claim alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). For these reasons, in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is therefore denied and this case is dismissed for insufficient proof. The Clerk of Court shall enter judgment accordingly.**[2]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.