# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0495V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| L.D., | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: March 10, 2023 |
| v. | * |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |  |
| Respondent. | * |  |

* * * * * * * * * * * * * * * * * * * * * * *

*Kathleen M. Loucks,* Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.

*Sarah B. Rifkin,* U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING ATTORNEY'S FEES AND COSTS**[1]

On May 4, 2022, L.D. filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she sustained Autoimmune/Inflammatory Syndrome ("ASIA") as a result of the human papillomavirus ("HPV") vaccine she received on November 20, 2019. Petition (ECF No. 1) ("Pet."). However, on November 7, 2022, Petitioner moved for a Decision Dismissing the Petition, and on November 17, 2022, I granted Petitioner's motion. Decision, dated Nov. 17, 2022. (ECF No. 19) ("Decision").

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated February 2, 2023 (ECF No. 28) ("Mot."). Petitioner requests a total of $20,480.33, reflecting $18,881.90 in fees incurred for the services of Ms. Kathleen Loucks and paralegals, and $1,598.43 in costs. Mot. at 1. Respondent reacted to the fees request on February 13, 2023. Response, dated Feb. 13, 2023 (ECF No. 29) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$20,480.33**.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner in this case requested dismissal prior to the filing of Respondent's Rule 4(c) Report. Petitioner was on some notice of the claim's potential deficiencies following an initial status conference I held on July 26, 2022, and it is highly unlikely the claim would have succeeded. (Indeed, now that I have made her aware of my reasoned views on such claims involving the ASIA theory or the HPV vaccine, counsel must take care not to embrace a comparable theory in future cases or I will be far less inclined to allow fees of any kind). However, there was some objective evidence in the record supporting Petitioner's contention that she experienced some kind of post-vaccination injury. Thus, in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|
| **Kathleen Loucks (Attorney)** | $362.00 | $365.00 | $370.00 | $375.00 |
| **Beth Chapman (Paralegal)** | - | - | $142.00 | - |
| **Esther J. Novak (Paralegal)** | $137.00 | $139.00 | $142.00 | - |
| **Jody Thorsett (Paralegal)** | - | - | $140.00 | - |
| **Danielle Dehnke (Paralegal)** | - | - | $142.00 | - |
| **Katie R. Grenell (Paralegal)** | - | - | $142.00 | $142.00 |

Fees Motion at 7.

Ms. Loucks practices in Minneapolis, Minnesota—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch*. *See Halbrook v. Sec'y of Health & Hum. Servs.*, No. 19-1572V, 2021 WL 1193542, at *3 (Fed. Cl. Spec. Mstr. Mar. 9, 2021). The requested rates are in general accordance with the Office of Special Masters' fee schedule, and as here, in instances where counsel performed the work of her paralegals, she did so at paralegal rates.[5] *Schmidt v. Sec'y of Health & Hum. Servs.*, No. 19-51V, 2022 WL 3369711, at *2 (Fed. Cl. Spec. Mstr. July 19, 2022). I thus find no cause to reduce them in this instance. Otherwise, I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited March 9, 2023).

### III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,598.43 in outstanding costs, including the filing fee and medical record retrieval costs. Mot. at 19. Both are commonly incurred in the Vaccine Program and are reasonable herein. All requested costs shall also be awarded.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$20,480.33** reflecting $18,881.90 in attorney's fees and $1,598.43 in costs in the form of a check made jointly payable to Petitioner and her attorney Ms. Kathleen Loucks.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.